# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RENATO CAMILLI,**

      **Plaintiff,**

v.                     Case No: 6:21-cv-1042-WWB-EJK

**CHIEF, IMMIGRANT INVESTOR PROGRAM, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIVISION CHIEF, IMMIGRANT INVESTOR PROGRAM, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and ATTORNEY GENERAL OF THE UNITED STATES, U.S. DEPARTMENT OF JUSTICE,**

      **Defendants.**

## ORDER

This cause comes before the Court on the parties' Motion for Leave to File Under Seal (the "Motion"), filed March 13, 2023. (Doc. 27.) Therein, the parties request leave of Court to file under seal the Certified Administrative Record ("CAR") in this case. (*Id.* at 1.) Upon consideration, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93

(11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

The Court finds that the parties have complied with the requirements under Local Rule 1.11(c) and have articulated good cause for sealing the CAR. The parties assert that sealing the CAR is necessary because the documents reveal business financial documents, business records, and various personal banking documents. Pursuant to 5 U.S.C. § 552(a) and Federal Rule of Civil Procedure 5.2, good cause exists to seal the CAR. *See Bolero, Inc. v. Johnson*, No. 8:15-cv-1900-CEH-MAP, slip op. at 1 (M.D. Fla. Sept. 30, 2016) (granting stipulated protective order for CAR as production would result in disclosure of confidential, proprietary, or confidential information). The Court finds that maintaining the privacy of confidential business information constitutes good cause for keeping the documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla.

May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests").

Accordingly, it is hereby **ORDERED** that the Motion for Leave to File Under Seal (Doc. 27) is **GRANTED**. The parties are **DIRECTED** to file the Certified Administrative Record under seal through CM/ECF.[1] The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.